EMERSON et al. *vs.* STEAMBOAT, SHAWANO CITY.

APPEAL FROM CIRCUIT COURT, WINNEBAGO COUNTY.

Heard September 27, 1859.]                    [Decided January 4, 1860.

### Boats and Vessels—Lien—Limitation.

Where a party had furnished materials for the construction of a steamboat, and had given a credit for the period of time within which he could commence an action against the boat, under the boat and vessel act, he cannot commence the action against the boat after the expiration of the credit.

The statute concerning boats and vessels, gives those claims which may be prosecuted under it a preference in the nature of a lien over other debts of a general nature existing against the owners, and such claims cannot be defeated by a sale by the owners, provided the proceedings are had within the time limited by the act.

The limits prescribed by the act concerning boats and vessels, within which actions should be commenced against the boat or vessel itself, should be measured from the time the services were performed, or materials actually furnished, and not from the expiration of the period of credit which the parties may agree upon.

A complaint against a boat, avering that she was used " in navigating the waters of the state of Wisconsin, does not show that the vessel was used *exclusively* in navigate the *inland* waters of the state, so as to make it necessary to bring an action for supplies against it within three months.

This action was commenced by George F. Emerson & Co., against the steamboat "Shawano City," for the price of a force pump. The facts of the case can be readily gathered from the opinion of the court.

*Bouck & Edmonds*, for the appellants.

*By the Court*, DIXON, C. J.   We are of the opinion that the appellants' counsel cannot be sustained in the point upon which they rely for reversing the judgment appealed from. The force pump, for the price of which the action is brought, was furnished by the appellants for the use of the boat, on the 13th of June, 1858, on a credit of 3 months. The time of credit having expired, and the price not having been paid by the owners of the boat, on the 4th of Dec, 1858, this suit was instituted, and the boat seized under the statute authorizing proceedings against boats and vessels for the collection of demands.   To the complaint there was a demurrer for want of a statement of sufficient facts to sustain the action.   The ground of demurrer relied upon, was that the suit was not commenced within three months after the cause of action accrued, as required by chapter 99 of the General Laws of 1858, incorporated into chapter 150 of the Revised Statutes of 1858. That act amends section 21 of chapter 150, by providing that all actions against boats and vessels navigating the inland

waters of this state exclusively, shall be commenced within three months after the cause of action shall have accrued, and not after that period. The demurrer was sustained. We have decided at this term, in the case of *Hay et al vs. Steamboat, Winnebago, supra,* 428, that the effect of the statute was to give those claims, which may be prosecuted under it, a preference in the nature of a lien, over other debts of a general nature existing against the owners, and that such claims cannot be defeated by a sale by the owners, provided the proceedings are had within the time limited by the act. This being the intention of the legislature, there can be little doubt of the further intention, that the limits prescribed should be measured from the time the services were performed, or the materials actually furnished, and not from the expiration of any possible period of credit which the parties might agree upon. . Such does not seem to be the policy of the statute. If it were, it would enable the owners and particular creditors to place the property for an indefinite length of time beyond the reach or control of general creditors. If a credit of three months could be given, and the action be sustained within three months from the expiration of that time, why, on the same principle, might not a credit of five or ten years be given, and still the lien be prosecuted? Such is not the spirit and intent of the act. Although a cause of action may not, in general, be said to have *accrued* until the time of credit, if any, has expired, yet in giving a construction to the particular words of a statute, we are to look to the whole act, and from it determine the sense in which they are used, so as to give effect to the legislative intent. The verb " to accrue" is often and properly used to convey the same idea as the verb " to arise." Such is evidently the sense in which it is here used. A cause of action may be said to arise, when the contract out of which it grows is entered into or made. On this point the demurrer was properly sustained.

There is, however, an error apparent of record, but not noticed by counsel, for which, we think, the judgment must be reversed. The general rule established by sec. 21, is that actions like the present may be prosecuted within one year after the causes thereof accrued. The exception made by the amendment is that *actions against boats and vessels navigating the inland waters of this state exclusively,* shall be brought within three months. There is no allegation in the complaint that the boat was used exclusively in navigating the inland waters of the state. The averment is, that she was used " in navigating the waters of the state of Wisconsin." All the waters of the state of Wisconsin are not inland. Boats and vessels used upon Lake Michigan and the Mississippi River, navigate the waters of this state, and may be so run as to navigate them exclusively, and yet not touch upon our inland waters at all. For this reason it is evident that the demurrer is not well taken. The record shows no admission that the boat was used upon inland waters exclusively, and the court could not presume it.

The judgment is reversed.