## APPEAL OF ESTATE OF E. T. EARL.

Docket No. 4689.   Decided July 22, 1926.

The Federal estate tax imposed by the Revenue Act of 1916 accrued one year after the death of the decedent; and where the accounts of an estate were kept on the accrual basis, the estate tax was a proper deduction from the gross income of the estate for the year in which it accrued, notwithstanding the fact that the Commissioner extended the time for payment.

*William M. Williams, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the Commissioner.

Before MARQUETTE and GREEN.

This appeal is from the determination of deficiencies in income taxes for the calendar years 1921 and 1922 in the total amount of $46,028.48, of which approximately $36,000 is in controversy. The contested portions of the deficiencies arise from the disallowance as deductions in the respective years of amounts paid in those years on account of Federal estate taxes.

### FINDINGS OF FACT.

E. T. Earl died on January 2, 1919, leaving an estate which consisted of a newspaper called "The Express," cash, real estate, stocks and bonds. The executrix operated the newspaper until September 30, 1919, when it was transferred to a corporation in exchange for its stock. The books of the newspaper during the operation thereof by the executrix were kept on the accrual basis.

The executrix kept other books for the estate, and during the years 1919, 1920 and 1921 all items which by their nature were accruable were accrued theron, except the liability for the Federal estate tax. The books show payment of the estate tax in the years and in amounts as follows:

| | |
|---|---|
| 1920 | $75, 819. 88 |
| 1921 | 105, 000. 00 |
| 1922 | 90, 559. 64 |

The executrix found that the income from the estate for the year 1920, after making provision for current expenses, would be insufficient to pay the estate tax when it became due in 1920, and application was made to the Commissioner for an extension of the time within which to pay same. This extension was granted and the installments of 1921 and 1922 were paid in conformity therewith.

The Commissioner accrued the liability for the estate tax in the year 1920, and disallowed as deductions in the years 1921 and 1922 the amounts paid thereon in those years.

### OPINION.

MARQUETTE: The Revenue Act of 1918 imposed a tax on the net income received by the estates of deceased persons during the period of administration or settlement and provided that, in ascertaining the net income, there shall be deducted "taxes paid or accrued within the taxable year (a) imposed by authority of the United States, except income, war-profits and excess-profits taxes." That the tax involved herein is deductible under the provisions of law just quoted is well settled and is conceded by the parties to this appeal. The Commissioner, however, contends that the entire amount of the tax should be deducted from the gross income of the estate for the year

1920, while the taxpayer contends that the several payments should be deducted in the years in which they were made.

The record discloses that Earl died on January 2, 1919; that the books of his estate were kept on the accrual basis; that a part of the estate tax was paid in the year 1920, and that an extension of time for the payment thereof having been granted by the Commissioner, the remainder of the tax was paid in the years 1921 and 1922.

The case of *United States* v. *Mitchell*, 271 U. S. 9, is, in our opinion, strikingly in point here. The facts in that case were that Dellora R. Gates died intestate on November 28, 1918, leaving a large estate. The Federal estate tax accrued one year after her death. On November 26, 1919, the executors of her estate made a return showing $2,927,762.64 due the United States under the Revenue Act of 1916. They did not pay any part of the tax in 1919, but paid $1,000,000 on February 25, 1920, and the balance on May 27 of that year. The accounts of the estate were kept on the cash receipts and disbursements basis.

On March 14, 1920, the executors made an income-tax return for the estate for the year 1919, under the Revenue Act of 1918, showing tax due in the amount of $905,225.73. If the estate tax had been deducted there would have been no taxable income for that year. However, when the return was made, the rulings and regulations of the Commissioner of Internal Revenue and the Secretary of the Treasury did not permit the deduction of the Federal estate tax; and for that reason the executors did not claim that it should be deducted, but paid the amount shown by the return. After the decision of the Supreme Court of the United States in the case of *United States* v. *Woodward*, 256 U. S. 632, the executors filed a claim for refund, which was denied. The Bureau of Internal Revenue offered to allow them to deduct the estate tax paid in 1920 from gross income of the estate for that year. The executors refused to accept the offer and brought action in the Court of Claims to recover the full amount of the 1919 income tax paid. The Court of Claims held the estate tax deductible in computing the net income of the estate for the year 1919, and gave judgment for the full amount claimed by the executors. The Supreme Court of the United States, reversing the judgment of the Court of Claims and holding the estate tax involved therein deductible from the gross income of the estate for the year in which paid, said:

It is established that, in calculating the income tax on an estate during administration under the Revenue Act of 1918, § 214 (a) (3), federal estate taxes are deductible. *United States* v. *Woodward, supra.* But the question presented by this case is whether in calculating the income tax for 1919, the executors were entitled to deduct from the gross income actually received in that

year the estate tax which was not paid until 1920. The executors maintain that under § 214 (a) (3) estate taxes are deductible if paid or if accrued within the taxable year; and that the estate tax, accruing in 1919 and paid in 1920, was deductible from gross income actually received in 1919. When regard is had to other provisions of the Act it is clear that this contention is not admissible. Section 200 declares that "paid" means "paid or accrued," and that the phrase "paid or accrued" shall be construed according to the method of accounting upon the basis on which the net income is computed under § 212. And § 212 provides that net income shall be computed on the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed in keeping the books of the taxpayer. (*United States* v. *Anderson*, 269 U. S. 422) ; but if no such method has been employed, or if the method employed does not reflect the income, the computation shall be made upon a basis and in a manner that, in the opinion of the Commissioner, does clearly reflect the income. The return shows that it was made on the basis of income actually received in 1919. This indicates that the accounts were kept on the basis of actual receipts and disbursements, and there is nothing in the record to show that any other method was employed. The burden is on the executors to establish the invalidity of the tax. *United States* v. *Anderson*, *supra*. They have not shown that their books were kept on the accrual basis. Assuming, as we must, that the accounts of the estate were kept on the basis of actual receipts and disbursements, the executors were required to make return on that basis. Notwithstanding the option given taxpayers, it is the purpose of the Act to require returns that clearly reflect taxable income. That purpose will not be accomplished unless income received and deductible disbursements made are treated consistently. It was not the purpose of the Act to permit gross income actually received to be diminished by taxes or other deductible items disbursed in a later year, even if accrued in the taxable year. It is a reasonable construction of the law that the same method be applied to both sides of the account.

Appellees contend that *United States* v. *Woodward*, *supra*, governs this case. The provisions of the Revenue Act of 1916 and the Revenue Act of 1918 which are here involved were considered in that case. The cases are much alike. Woodward died December 15, 1917, and the estate tax became due one year later, but it was not paid until February 8, 1919. It may be assumed that the return for 1918 included only the income actually received in that year.

The rules and regulations then in force did not permit the deduction of the estate tax. If that deduction had been made there would have been no taxable income. The executors paid the tax under duress, and brought suit for the amount paid. The Court of Claims held them entitled to recover, and this court affirmed the judgment. The question considered and decided was whether in ascertaining net taxable income the estate tax was deductible. The opinion referred to the provision which imposes the tax upon incomes of estates and that part of § 214 which authorizes the deduction of "taxes paid or accrued within the taxable year imposed (a) by the authority of the United States, except income, war-profits and excess-profits taxes," and, in discussing the clause defining the deductions permitted to be made, the court said (p. 634), "The words of its major clause are comprehensive and include every tax which is charged against the estate by the authority of the United States. The excepting clause specifically enumerates what is to be excepted. The implication from the latter is that the taxes which it enumerates would be within the major clause were they not expressly excepted, and also that there was no purpose to except any others. Estate taxes were as well known at the

time the provision was framed as the ones particularly excepted. * * * Thus their omission from the excepting clause means that Congress did not intend to except them. The Act of 1916 calls the estate tax a 'tax' and particularly denominates it an 'estate tax.' This court recently has recognized that it is a duty or excise and is imposed in the exertion of the taxing power of the United States. *New York Trust Co.* v. *Eisner, ante,* 345." The question decided concerned the character of the exaction; that is, whether the so-called federal "estate taxes" were "taxes" within the meaning of that word as used in the clause of § 214 quoted. The government did not contend that, if deductible at all, the estate taxes could not be deducted in that case because the return was made on the basis of income actually received in 1918, whereas the estate tax, accruing in that year, was not paid until 1919. That question was not presented to the court for decision, and no such question was considered or decided. It is not to be thought that a question not raised by counsel or discussed in the opinion of the court has been decided merely because it existed in the record and might have been raised and considered. *Webster* v. *Fall,* 266 U. S. 507, 511. The *Woodward* case does not support the contention that, where the estate income tax return is made on the basis of income actually received in the taxable year, there may be deducted the estate tax accruing in that year but paid in the following year.

The estate tax herein was imposed by the Revenue Act of 1916, the decedent having died while that Act was still in force, but the assessment and collection thereof were made under the estate-tax provision of the Revenue Act of 1918 (section 1400 of the Revenue Act of 1918). The Revenue Act of 1916 provided that the estate tax imposed by that Act, "shall be due one year after decedent's death". The same provision is contained in the Revenue Act of 1918. The tax under the 1916 Act accrued when it became due, *United States* v. *Woodward,* 256 U. S. 632; and *United States* v. *Mitchell, supra;* and it seems clear that the tax under the 1918 Act also accrued when it became due, that is, one year after the death of the decedent.

The books of the taxpayer estate herein were kept on the accrual basis and we are of the opinion, in view of the decision of the Supreme Court of the United States, in *United States* v. *Mitchell, supra,* that the estate tax in question constituted a proper deduction from the income of the estate for the year in which it accrued, that is, in the year 1920, unless, as the taxpayer contends, the action of the Commissioner extending the time for payment, operated to change the date when the tax became due.

The extension of time within which to pay the tax involved herein was granted to the taxpayer estate by the Commissioner under the authority found in section 406 of the Revenue Act of 1918, which provides:

That the tax shall be due one year after the decedent's death; but in any case where the Commissioner finds that payment of the tax within one year after the decedent's death would impose undue hardship upon the estate, he may grant an extension of time for the payment of the tax for a period of not to

exceed three years from the due date. If the tax is not paid within one year and 180 days after decedent's death, interest at the rate of 6 per centum per annum from the expiration of one year after the decedent's death shall be added as part of the tax.

Section 408 of the Revenue Act of 1918 provides that if the estate tax is not paid within 180 days after it is due "the collector shall, unless there is reasonable cause for further delay, proceed to collect the tax under the provisions of general law, or commence appropriate proceedings in any court in the United States, in the name of the United States, to subject the property of the decedent to be sold under the judgment or decree of the court"; and under the provisions of section 406, *supra*, interest from the due date is added as part of the tax. Section 204 of the Revenue Act of 1916, which was involved in the case of *United States* v. *Mitchell*, *supra*, provided that, if the tax was not paid within 90 days after it became due, interest from the time of the decedent's death should be added as part of the tax.

Under the foregoing provisions of law, estates were, for all practical purposes, granted extensions of time within which to pay the estate tax of 90 and 180 days, respectively, after the date the tax became due. These extensions were of the same character and effect as the additional extension granted to the taxpayer herein, except that the additional extension did not relieve the estate from the payment of interest on the tax. In granting the additional extension, the Commissioner did not and could not change the due date of the tax, which date was fixed by law, but he merely stayed the hand of the collector.

For the reasons herein stated, the action of the Commissioner must be approved.

> *The deficiency is $46,028.48. Order will be entered accordingly.*