WALTER S. GURNEE AND C. J. O'CONOR, EXECUTORS, ESTATE OF BELL B. GURNEE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10429.   Promulgated August 17, 1928.

*Edward H. Green, Esq.*, for the petitioners.
*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

ARUNDELL: It is the contention of the petitioners that the amount which Mrs. Gurnee received in 1920 as a beneficiary under the will should not be included in income. The argument is that the law taxes only the beneficiary's distributive share in the net income of an estate, and, as the estate here had no net income there was no distributive share upon which the law could operate. It is not contended that the estate had no gross income; the lack of net income was due to the payment of the Federal estate tax.

This question at first glance would seem to be governed by the decision in *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428, and the decisions of the Board which are collated in *Arthur H. Fleming*, 6 B. T. A. 900. The petitioners argue that the *Baltzell* decision is not opposed to their contention here but on the contrary supports it. Their theory is that the court recognized a distinction between income from capital transactions and income in which a beneficiary could share, and that inasmuch as there was sufficient income of the latter class, the beneficiary was taxable on the amount received. True, the losses involved in the *Baltzell* case were capital losses, but we do not understand the decision to rest on that fact. Our understanding of the basis of the decision is that the distributive share of a beneficiary which is to be returned as income must be determined in accordance with the terms of the trust regardless of the amount of gains or losses of the trust entity. This result naturally follows from the well established fact that the estate or trust and the beneficiary are separate taxable entities. *Merchants Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509. What income the estate may have, or what deductions it may take are of no interest to a beneficiary where the latter's distributive share is fixed by the terms of the instrument creating the estate or trust.

The principle involved in this case is the same as that in the case of *James B. Waller, Jr.*, 8 B. T. A. 935, although the question is put in a different form. In that case the beneficiary claimed a deduction for estate taxes which he paid to prevent the sale of real estate comprising a part of the corpus of the estate. The deduction claimed was

disallowed on the ground that the taxes under *United States* v. *Woodward*, 256 U. S. 632, were allowable as a deduction only to the estate and not to the beneficiary. The fact that the question is framed differently in the two cases does not change the result. See also *O. Ben Haley*, 6 B. T. A. 782.

*Judgment will be entered for the respondent.*