## FIRST BANCREDIT CORPORATION v. FLEXLUME CORPORATION.

### No. 1773.

District Court, W. D. New York.

Oct. 8, 1934.

Rehearing Denied April 19, 1935.

Elmer E. Finck, of Buffalo, N. Y., for receiver.

Richard H. Templeton, U. S. Atty., and Justin C. Morgan, Asst. U. S. Atty., both of Buffalo, N. Y., for the government.

---

[1] No written opinion filed.

KNIGHT, District Judge.

Defendant moves for an order declaring an assessment of additional income tax levied on the defendant for the taxable year 1930 illegal and invalid. In a certain patent litigation in 1928, wherein defendant herein was plaintiff and Federal Electric Company, Inc., Chicago Minature Lamp Works, and others were defendants, defendant herein was awarded a decree finding its patents valid and infringed, enjoining further infringement, and referring to a special master the question of the damages to be recovered. The Circuit Court of Appeals for the Seventh Circuit confirmed the decree in that case on June 18, 1929, Federal Electric Co. v. Flexlume Corporation, 33 F.(2d) 412. Certiorari was denied by the Supreme Court, 280 U. S. 590, 50 S. Ct. 38, 74 L. Ed. 638. By this decree the right of the defendant herein to recover damages became fixed, although the amount of the damages was not determined. In February, 1930, a settlement was effected whereby defendant accepted two checks to the amount of $51,580, and three notes, each for $50,000, one payable in 1930, the others in 1931. The latter two notes were discounted in 1930, but were returned as income in 1931.

Defendant kept its books on an accrual basis. The Commissioner of Internal Revenue, upon auditing the defendant's returns, transferred the amount of $100,000 reported as income for 1931 to the taxable income for 1930, and levied the additional tax of $14,411.66, with interest amounting to $2,492.62.

Defendant contends that the entire amount of the settlement should be transferred to income for the taxable year 1929 for the reason that in that year the right to receive the payment became fixed. It is argued that, as long as the right to receive is finally determined, it is not essential that the exact amount be determined within the year in which the tax thereon is payable. Defendant's return of the receipts from the patent suit is alleged to be in accord with the procedure laid down in previous returns, which included income from a patent infringement suit in which defendant recovered a judgment in 1925 against the Opalite Company. A partial payment of the damages was made in that year; the balance being secured by notes payable in the future. The Commissioner ruled that the portion paid in 1925 was returnable in that year. The corporation returned the income from the notes in the years in which the notes were paid. It is now admitted that this procedure was not in accord with the tax laws and the regulations established thereunder.

Briefly stated, the Commissioner's position is that the additional assessment for the year 1930 was made on the theory that the taxpayer, whose books were kept and whose returns were made on an accrual basis, had an accrual of the stipulated sum of $201,580 in the taxable year 1930.

There is no question as to the rule to be applied when the year of the accrual has been determined. It is agreed that the entire amount is returnable as income for the year in which it accrued. The problem lies in determining the year of accrual of the income.

The decree in favor of the defendant, affirmed in 1929, determined only the right of defendant to recover. While the decree was final for the purposes of an appeal, it was not final as to enforcement. The damages had not been computed and execution could not have been issued. This is not a case such as United States v. Anderson (United States v. Yale & Towne Mfg. Co.), 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347, wherein all the events which fixed the amount of the tax and determined the liability of the taxpayer to pay it had occurred in the year 1916, so that deduction of the accrued tax should have been made in the return for 1916. However, I believe the principle there followed to be applicable here. In the present case, in 1929, all of the events had not occurred to fix the amount of the income from the litigation, and thus it had not accrued and could not be set up as income for the year 1929.

Solicitor's Memorandum 923, C. B. 108, does not indicate whether the question here involved was raised, but the defendant there was not allowed to deduct a loss sustained by reason of an adverse judgment in a patent case until the year in which the master's report was confirmed by the court. W. W. Sly Mfg. Co. v. Commissioner of Internal Revenue, 24 B. T. A. 65, is not parallel to the present case, for the reason that, when the decree of the highest court was rendered in 1923, the amount of the recovery had been determined and was settled by the decree of affirmance. In Buffalo Union Furnace Co. v. Commissioner of Internal Revenue, 23 B. T. A. 439, a settlement was effected in 1921 prior to trial.

of an action brought by petitioner on an order of the Interstate Commerce Commission, which had previously determined the liability of the defendant in the action and fixed the amount of the damages. It was held that the income was returnable in 1921. Nibley-Mimnaugh Lumber Co. v. Commissioner, 26 B. T. A. 978, is not an authority for the defendant's position. Although the agreement provided that the amount to be paid was to be subject to adjustment in the following year if certain terms could not be met by the seller, the opinion points out that all of the required conditions were met by the vendor before the end of 1923, so that the purchaser's obligation to purchase and the price of the transaction had become unconditional in 1923. Therefore, in order to properly reflect its transactions during the year, the return of the taxpayer, which kept its books and made its returns on an accrual basis, would be required to show that amount.

The report, cited by defendant, I. T. 1924, Internal Revenue Bulletin I–I, June, 1922, page 111, does not indicate that the judgment was not final as to amount as well as to the right to recover. The language of the opinion there, that "Inasmuch as the books of the Corporation are kept on an accrual basis, the amount in each case must be accounted for in the return for the year in which the judgment of the highest court was rendered," is not determinative in defendant's favor.

I find that the tax in question accrued at the time of the settlement of the amount of damages to which the defendant was entitled, namely, February 14, 1930, and that the entire amount of the settlement should have been included in the return for 1930, and that the assessment of the additional tax levied upon the defendant for the taxable year 1930 is valid.

## On Motion for Rehearing.

This is an application for a rehearing. The court has held that the assessment of additional tax for the calendar year 1930 was properly made. The defendant petitioner cites numerous cases in support of its application. Examination of these satisfies the court that none show facts parallel to those in the case at bar. The difference is pointed out in the opinion of this court when it said: "all of the events had not occurred to fix the amount of the income from the litigation, and thus it had not accrued and could not be set up as income for the year 1929."

In Continental Tie & Lumber Co. v. United States, 286 U. S. 290, 52 S. Ct. 529, 76 L. Ed. 1111; Commissioner of Internal Revenue v. Midland Valley Ry. Co. (C. C. A.) 57 F.(2d) 1042; and in Commissioner of Internal Revenue v. Old Dominion S. S. Co. (C. C. A.) 47 F.(2d) 148, cited by defendant, the question was the year in which the moneys, paid pursuant to the Transportation Act of 1920 (41 Stat. 456), were to be included in income as a basis for assessment. The statute fixed the basis on which the compensation was to be paid. The books of the companies showed the income on which compensation was to be computed pursuant to the statute. Compensation was fixed and not dependent upon any future event. In these cases the substance of the holding was that the compensation, payable under the Transportation Act, constituted accrued income for years in which it was to be paid. With this rule of law as stated there is no intent to dissent. The facts are quite dissimilar here, since the only determination in 1929 for which year it is claimed by the defendant the tax was assessable was that this plaintiff had a claim in an undetermined amount on account of infringement of its patents. Appeal of Cincinnati, Findlay & Fort Wayne Ry. Co., 5 B. T. A. 108; Virginia Carolina Corp. & Subsidiary Companies v. Commissioner, 6 B. T. A. 84; Great Northern Ry. Co. v. Commissioner, 8 B. T. A. 225; Chicago, Rock Island & Pacific Ry. Co. v. Commissioner, 13 B. T. A. 988, 1036; Kansas City Southern Ry. Co. and Affiliated Companies v. Commissioner, 16 B. T. A. 665; Midland Valley R. R. Co. v. Commissioner, 19 B. T. A. 423; Gulf, Mobile & Northern Ry. Co. v. Commissioner, 22 B. T. A. 233; Missouri Pacific Ry. Co. v. Commissioner, 22 B. T. A. 267; Kansas City So. Ry. Co. v. Commissioner, 22 B. T. A. 949; Galveston Wharf Co. v. Commissioner, 22 B. T. A. 1312; Nashville, Chattanooga & St. Louis Ry. v. Commissioner, 24 B. T. A. 856; St. Louis Southwestern Ry. Co. v. Commissioner, 24 B. T. A. 917; Southern Ry. Co. v. Commissioner, 27 B. T. A. 673; Pittsburgh & Lake Erie R. R. v. Commissioner, 28 B. T. A. 259; cited by defendant, are each and all cases in which the Board of Tax Appeals held that compensation, received pursuant to statute for the use of property during the period of Federal con-

trol, "was income in each of the accounting periods for which allowed, irrespective of the date of final settlement with respect thereto." For the reason above stated, ·these cases are not authorities on the question presented here. Diligence of counsel has presented numerous other decisions of the Board of Tax Appeals in which, however, none of the opinions are in conflict with the view that this income in question was taxable as of the year 1930. Counsel cites Appeals of Henry F. McCreery et al., 4 ·B. T. A. 967; Schoellkopf Aniline & Chemical Works, Inc., v. United States (Ct. Cl.) 3 F. Supp. 417; Safety Car Heating & Lighting Co. v. United States (D. C.) 5 F. Supp. 276; United States v. Anderson et al., 269 U. S. 422, 46 S. Ct. 131, ·134, 70 L. Ed. 347; Brown v. Helvering, 291 U. S. 193, 54 S. Ct. 356, 359, 78 L. Ed. 725.

Particular attention should be given to the decisions of the Supreme Court. In United States v. Anderson, supra, the appellee, Yale & Towne Mfg. Co., deducted from its income tax for the year 1917 the amount of munition taxes which became payable in 1917. The Commissioner of Internal Revenue held that the munition tax paid in 1917 should have been deducted from the appellee's gross income in its return for 1916. In this case the corporation kept its books on an accrual basis, and set up on its books each month in 1916 a reserve for payment of munition taxes. The court, among other things, said: "In a technical legal sense it may be argued that a tax does not accrue until it has been assessed and becomes due; but it is also true that in advance of the assessment of a tax, all the events may occur which fix the amount of the tax and determine the liability of the taxpayer to pay it." Distinction in this case from the one at bar is clear and definite.

In referring to the case of United States v. Woodward, 256 U. S. 632, 41 S. Ct. 615, 65 L. Ed. 1131, the court in United States v. Anderson, supra, said: "It did not appear [in U. S. v. Woodward] whether, as here, the taxpayer kept his books on the accrual basis or whether, as here, events had occurred before the tax became due which fixed the amount of it." The taxpayer in this case did keep his books on an accrual basis, but such books nowhere reflected any amount of any claim on account of patent infringements.

In Brown v. Helvering, supra, the deductions for liabilities ·for expected future cancellations of insurance policies were not fixed and absolute. This would seem to be applicable to the infringing corporation had it sought to deduct the amount paid this defendant on account of infringement. The court held that the deductions could not be made, because "the events necessary to create the liability do not occur during the taxable year." The court further said: "Except as otherwise specifically provided by statute, a liability does not accrue as long as it remains contingent." After judgment the liability herein was not contingent. But the judgment adjudging infringement did not determine that any damages had been sustained.

In Bowers v. Max Kauffmann & Co. (C. C. A.) 18 F.(2d) 69, it is held that where a corporation makes an income tax return on accrual basis, accrued taxes are to be treated as paid in one period though not actually paid until the following period. Aluminum Castings Co. v. Routzahn (C. C. A.) 31 F.(2d) 669. In American Code Co. v. Commissioner (C. C. A.) 30 F. (2d) 222, it was held that damage is suffered when the contract is broken. There the taxpayer discharged the general· sales manager employed under a long-term contract. It contested the employee's suit, but set up on its books reserve for liability for breach of the contract. The circuit court held that the amount of a judgment thereafter recovered was deductible in the year when the liability arose or accrued. The Supreme Court in Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 203, 74 L. Ed. 538, 67 A. L. R. 1010, reversed the circuit court, and, in the opinion, it is said that: "Generally speaking, the income tax law is concerned only with realized losses, as with realized gains. * * * The general requirement that losses be deducted in the year in which they are sustained calls for a practical, not a legal, test. * * * The Board of Tax Appeals has held, in a series of well-reasoned opinions, that a loss occasioned by the taxpayer's breach of contract is not deductible in the year of the breach, except under the special circumstances where, within the tax year, there is a definite admission of liability, negotiations for settlement are begun, and a reasonable estimate of the amount of the loss is accrued on the books. * * * The case at bar is unlike United States v. An-

derson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347. There, the liability for the munitions tax at a fixed rate on the business done in 1916 had confessedly accrued in that year and was a charge on the business of that year, although the exact amount due may not have been then ascertainable and the tax was not payable until 1917. It is also unlike American National Co. v. United States, 274 U. S. 99, 47 S. Ct. 520, 71 L. Ed. 946. There, the bonus contract provided definitely for the payment of a fixed amount. * * * The case at bar is in principle more like Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262."

In Patrick McGuirl, Inc., v. Commissioner (C. C. A.) 74 F.(2d) 729, 730, the facts are comparable to the facts in this case. Among other things the court said: "As a general proposition, where the right to receive money is certain, namely, the liability to pay is unconditional, and books are kept on an accrual basis, the money actually received is considered income as of the year the right to receive it arose and not as of the year when received, even though the amount to be received is not certain as of the year the right to the money accrued. But here, though the petitioner was entitled to just compensation for property condemned under eminent domain, the amount of the award was to be determined in judicial proceedings involving values placed upon the real estate by expert testimony. These are indefinite, depending upon the court's conclusion as to values. The amount awarded may not have been as much as the cost of the property to petitioner. The expenses incident to the prosecution of petitioner's claim necessarily were reflected in the net gain to be realized, and interest was to be added as part of the award. The amount of interest was directly dependent upon the duration of the litigation. Thus the amount of award depended upon the course of future events. * * * Unless all the events which fixed the amount and determined the liability of the city to this taxpayer occurred within the year, it may not be said that this was taxable in the year the right to an award accrued."

Certain of the language of the District Judge in Consolidated Tea Co., Inc., v. Bowers (D. C.) 19 F.(2d) 382, 384, is pertinent here as showing when a deduction on account of losses is to be allowed for income tax purposes. It was there held that the tax was not deductible as of the year when the judgment was rendered but as of the year when the appeal from the judgment was finally determined. The court in its argument against its acceptance of the year of recovery of the judgment as the proper year of deduction points out: "From a tax income standpoint, both logical and practical, reasons seem to me to support the conclusion that a loss should be deductible, not in the year when the judgment was rendered, but in the year when the claim was adjudicated to be final and definite, or possibly, under certain circumstances, in the year when the claim originated."

In this case the liabilities for infringement apparently arose in years preceding the date of the recovery of the judgment. So if we are to follow the reasoning of the court in the last-mentioned case, the amount of the recovery would have to be apportioned during such years. The practical way is to fix the tax as of the year when a fixed amount was determined to be due the plaintiff. It is only then that a definite amount could be ascertained.

The motion for a rehearing is denied.