**Decided March 12, 1985**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

IN RE THE MATTER OF THE ESTATE)          CIVIL ACTION NO. 84-415
OF                           )
                             )              MEMORANDUM OPINION
        DOLORES C. UNPINGCO,)       RE:  APPLICATION OF U.S. ESTATE
                             )    TAX PROVISIONS IN THE COMMONWEALTH
              Deceased.      )
_____)

The Administratrix in this estate has filed a petition for final distribution but the court required points and authorities to be filed relative to the question as to whether the estate is subject to the U.S. estate tax provisions (26 USC §§ 2001 et seq). For the purposes of assisting and guiding personal representatives in similar estates, this memorandum addresses general rules as to when the provisions of the estate tax laws will be applied.

The basic formative document for the Government of the Commonwealth of the Northern Mariana Islands is the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America (Covenant). Article VI of that document concerns the applicability or

non-applicability of the United States tax laws in the Commonwealth. Section 601 is pertinent to the resolution of the issue at bar and reads:

> (a) The income tax laws in force in the United States will come into force in the Northern Mariana Islands as a local territorial income tax on the first day of January following the effective date of this Section, in the same manner as those laws are in force in Guam.

> (b) Any individual who is a citizen or a resident of the United States, of Guam or of the Northern Mariana Islands (including a national of the United States who is not a citizen), will file only one income tax return with respect to his income, in a manner similar to the provisions of Section 935 of Title 26, United States Code.

> (c) References in the Internal Revenue Code to Guam will be deemed also to refer to the Northern Mariana Islands, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof or of this Covenant.

As can readily be seen there is no specific reference in § 601 to the federal estate and gift tax laws. The term "income tax laws" found in § 601(a) does not encompass estate and gift taxes as the latter are not income taxes but are excise taxes. United States v Manufacturer National Bank (1960) 363 U.S. 194, 80 S.Ct. 1103, 5 L.Ed. 2d 1158; United States v Woodward, (1921) 256 U.S. 632, 41 S.Ct. 615, 65 L.Ed. 1131.

The estate tax is not a tax on the legatees and devisees who succeed on death, but the tax is on the interest caused

by reason of death and what is imposed is an excise tax upon the transfer of the estate on the death of the owner. Commissioner v Clise (1941, CA 9) 122 F.2d 998, cert den. 315 U.S. 821, 62 S.Ct. 914, 86 L.Ed. 1218; Landman v Commissioner (1941, CA 10) 123 F.2d 787, cert den. 315 U.S. 810, 62 S.Ct. 799, 86 L.Ed. 1209.

The more general application of the Internal Revenue Code (IRC) is found in Section 601(c) and any reference in the Code to Guam will be deemed also to refer to the Commonwealth.

Section 2001(a) of the IRC states that the estate tax is imposed on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States. "United States" is defined in Section 7701(a)(9) of Title 26 of the U.S. Code as to include only the fifty States and the District of Columbia.

However, Guam, as a possession of the United States, is encompassed within the provisions of Sections 2208 and 2209 of Title 26 which provide:

§ 2208. Certain residents of possessions considered citizens of the United States.

A decedent who was a citizen of the United States and a resident of a possession thereof at the time of his death shall, for purposes of the tax imposed by this chapter, be considered a "citizen" of the United States within the meaning of that term wherever used

in this title unless he acquired his United States citizenship solely by reason of (1) his being a citizen of such possession of the United States, or (2) his birth or residence within such possession of the United States.

§ 2209.   Certain residents of possessions considered nonresidents not citizens of the United States.

A decedent who was a citizen of the United States and a resident of a possession thereof at the time of his death shall, for purposes of the tax imposed by this chapter, be considered a "nonresident not a citizen of the United States" within the meaning of that term wherever used in this title, but only if such person acquired his United States citizenship solely by reason of (1) his being a citizen of such possession of the United States, or (2) his birth or residence within such possession of the United States.

The import of these two sections are:

1.   A U.S. citizen cannot move out of the United States and establish his/her citizenship in a U.S. possession and avoid estate taxes on death.

Rev. Rule 74-25, CB 1979-1 p. 284.

2.   A person who acquired his/her citizenship solely by reason of his/her being a citizen of such possession of the United States, or his/her birth within such possession is not a citizen for purposes of estate tax application.

Although Sections 2208 and 2209 do not specifically refer to Guam and the term "possession" is used, it is concluded that § 601(c) of the Covenant must be read liberally and to include the applicability of these two sections to

the Commonwealth. It appears that the intent of §§ 601(a) and 601(c) is to align the Commonwealth with Guam in so far as the application of the Internal Revenue Code is concerned except where it is specified that the Commonwealth is to be treated differently (e.g., Section 602 relating to the rebate of income taxes). Similar references to relating the Commonwealth to Guam are seen in Article IV, § 403(b), Article VI, §§ 603(c), 604(a), 605, and 606(b) of the Covenant.

Therefore, although U.S. citizens residing in the Commonwealth are subject to federal estate tax laws whether their assets are in the Commonwealth or the United States (26 USC § 2031(a)), other persons who are residents of the Commonwealth and become United States citizen solely by reason of being a citizen of the Commonwealth or because of birth or residence in the Commonwealth are considered as nonresidents not citizens of the United States for estate tax purposes.

Article III of the Covenant establishes the citizenship and nationality of the inhabitants of the Commonwealth.

Sections 301 and 303 state:

Section 301. The following persons and their children under the age of 18 years on the effective date of this Section, who are not citizens or nationals of the United States under any other provision of law, and who on

that date do not owe allegiance to any foreign state, are declared to be citizens of the United States, except as otherwise provided in Section 302:

(a) all persons born in the Northern Mariana Islands who are citizens of the Trust Territory of the Pacific Islands on the day preceding the effective date of this Section, and who on that date are domiciled in the Northern Mariana Islands or in the United States or any territory or possession thereof;

(b) all persons who are citizens of the Trust Territory of the Pacific Islands on the day preceding the effective date of this Section, who have been domiciled continuously in the Northern Mariana Islands for at least five years immediately prior to that date, and who, unless under age, registered to vote in elections for the Mariana Islands District Legislature or for any municipal election in the Northern Mariana Islands prior to January 1, 1975; and

(c) all persons domiciled in the Northern Mariana Islands on the day preceding the effective date of this Section, who, although not citizens of the Trust Territory of the Pacific Islands, on that date have been domiciled continuously in the Northern Mariana Islands beginning prior to January 1, 1974.

Section 303. All persons born in the Commonwealth on or after the effective date of this Section and subject to the jurisdiction of the United States will be citizens of the United States at birth.*

---

*Pursuant to Article X, Section 1003(c) of the Covenant, §§ 301 and 303 do not become effective until the termination of the United Nations Trusteeship Agreement - an event which has not yet occurred.

Section 302 allows a person included in § 301 to opt for status as a U.S. national and not as a U.S. citizen. Section 304 provides that citizens of the Northern Mariana Islands are entitled to all the privileges and immunities of citizens of the several states of the United States. This section is already in effect (See Article X, Section 1003(b), Covenant).

The parallel between the above provisions and §§ 2208 and 2209 of the IRC is clear.

Thus if a person gaining citizenship solely by virtue of Article III of the Covenant has assets in the Commonwealth, those assets are not subject to the federal estate tax. If that same person has assets in the United States, the federal estate tax applies to only those assets. 26 USC § 2103.

Since the United Nations Trusteeship Agreement has not been terminated, an interim status for the persons coming within the provisions of Article III of the Covenant has been established in Section 8 of the Schedule on Transitional Matters in the Constitution of the Commonwealth. Section 8 basically incorporates the terms of § 301 of the Covenant.

Therefore, it is clear that until the United Nations Trusteeship is terminated, the residents and interim "citizens" of Section 8 do not rise to the full status of U.S. citizenship for estate tax purposes. Even after the termination of the United Nations Trusteeship, those citizens and residents who gain U.S. citizenship through the provisions of Article III of the Covenant are excluded from the application of the federal estate tax so long as they own no assets within the United States.

In the case where a death precedes the applicability of the estate tax provisions the latter is of no consequence as

the estate tax does not apply retroactively. United States v Jacobs (1939) 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763; Bodell v Commissioner, 138 F.2d 553, cert den. 321 U.S. 778; Rogan V Riggle, 128 f.2d 118 (CA 9). Thus in the future, one of the factors to consider is the date of death and status of the law on that date.

To ascertain the applicability or non-applicability of the estate tax provisions in any estate from this date forward, the personal representative must certify under oath or by other appropriate means satisfactory to the court that the decedent comes within the provisions of 26 U.S.C. 2209 and demonstrate that the estate is not subject to 26 USC § 2001 et seq.

The information required by the court must include, at a minimum, the following:

1. Place of birth of the decedent. (attaching a certified birth certificate is recommended)

2. Place of residence at death of the decedent.

3. A statement under oath that the decedent acquired any U.S. citizenship by virtue of Section 8 of the Schedule on Transitional Matters of the Commonwealth Constitution or (after the termination of the United Nations Trusteeship agreement) solely through the provisions of Article III, § 301 of the Covenant. In order to resolve any question of exemption, information should be given as to Trust Territory

98

citizenship (passport), voting record (certified by the Board of Elections), and/or domicile for the required period.

4. Location of assets of the decedent. If all assets are in the Commonwealth, a simple statement to that effect shall suffice.

5. Should the decedent own any assets in the United States, an appraisal must be obtained and compliance with the estate tax provisions pertaining thereto must be adhered to.

In respect to the above estate upon compliance with the above, the petition for final distribution shall be granted.

This opinion relates only to the exemption/exclusion from federal estate taxes and any income the estate has after January 1, 1985 shall be taxed pursuant to law.

Dated this 12th day of March, 1985.

_____
Robert A. Hefner, Chief Judge