## WILMINGTON TRUST CO. v. UNITED STATES.

District Court, D. Delaware. September 6, 1928.

No. 18.

William S. Hilles, of Wilmington, Del., and Frank S. Bright, and Lowndes C. Connally, both of Washington, D. C., for plaintiff.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., and C. M. Charest, General Counsel, and T. H. Lewis, Jr., Sp. Atty., of Bureau of Internal Revenue, both of Washington, D. C.

MORRIS, District Judge. To the petition filed by Wilmington Trust Company, as executor of William Baxter, deceased, against United States of America, to recover, with interest, federal estate taxes in the sum of $6,578.12, paid by the plaintiff to the defendant, the defendant has demurred upon the ground that the petition shows no right to recover the taxes so paid.

In addition to' the performance of all conditions precedent the petition alleges, in effect, that Baxter died March 17, 1921; that the Revenue Act of 1918 (40 Stat. 1057) was then in force; that thereafter, on November 23, 1921, the Revenue Act of 1921 (42 Stat. 227), taxing the estate of those persons subsequently dying, was passed; that with certain exceptions or saving clauses the later act repealed the earlier; that the exceptions or saving clauses were without application to the Baxter estate, and that, consequently, the plaintiff was left free from liability for any estate tax, and the defendant was deprived of any right to assess or collect from the plaintiff any estate tax under either statute, yet, the defendant contending that its right to the tax prescribed by the act of 1918 was left unaffected by the repealing act, the tax was paid.

■ Obviously the defendant can predicate upon the taxing clauses of the later act no right to the money paid to it by the plaintiff, for that act applies only to the estates of persons dying after its passage and Baxter died theretofore. It is likewise clear, I think, that, if the repeal of the earlier act by the later had been an absolute repeal, without any express saving clause, the former statute would have been obliterated as completely as if it had never existed, and all rights and powers derived wholly from it would have been completely extinguished, save only those which became vested or accrued while the repealed statute was in force. Ex parte McCardle, 7 Wall. 506, 514, 19 L. Ed. 264; Flanigan v. Sierra County, 196 U. S. 553, 560, 25 S. Ct. 314, 49 L. Ed. 597; Cook v. Gray, 2 Houst. (Del.) 455, 475, 81 Am. Dec. 185. In keeping with this general doctrine the unqualified repeal of a tax act destroys, not only the remedy for the collection of the tax, but as well the liability for the tax, the right to the tax, the tax itself. Ann. Cas. 1913F, 472, note.

■ The repeal of the act of 1918 was, however, not absolute. Yet, with respect to title IV, imposing the estate tax, the repeal was without limitation or qualification, other than by the saving clauses of section 1400 (b) of the later act. Hence the rights and liabilities of the respective parties are to be found and

measured by these saving clauses which read thus:

"(b) The parts of the Revenue Act of 1918 which are repealed by this act shall (unless otherwise specifically provided in this act) remain in force for the assessment and collection of all taxes which have accrued under the Revenue Act of 1918 at the time such parts cease to be in effect, and for the imposition and collection of all penalties or forfeitures which have accrued or may accrue in relation to any such taxes. In the case of any tax imposed by any part of the Revenue Act of 1918 repealed by this act, if there is a tax imposed by this act in lieu thereof, the provision imposing such tax shall remain in force until the corresponding tax under this act takes effect under the provisions of this act. The unexpended balance of any appropriation heretofore made and now available for the administration of any such part of the Revenue Act of 1918 shall be available for the administration of this act or the corresponding provision thereof." (Comp. St. § 6371⅘m [b]).

Since the first sentence of the saving clause keeps alive the repealed parts of the earlier act for the assessment and collection of only those estate taxes which had "accrued" under the earlier act at the time of the passage of the later, namely, November 23, 1921 (though for the collection of penalties and forfeitures the earlier act was kept alive, not only for such as "have accrued," but likewise for those that "may accrue"), it is manifest that the only estate taxes under the Revenue Act of 1918 to which this first sentence saves to the government a rightful claim are those which had "accrued" when the act of 1921 was passed.

The language of the statute and the decisions of the Supreme Court, dealing with the identical language in similar taxing acts, make it clear beyond question that the Baxter estate tax had not "accrued" when the Revenue Act of 1918 was repealed. Section 406 of that act (Comp. St. § 6336¾g) made the estate tax "due one year after the decedent's death." Dealing in part with identical language found in the Revenue Act of 1916, § 204, 39 Stat. 778 (Comp. St. § 6336½e), the Supreme Court, in United States v. Woodward, 256 U. S. 632, 41 S. Ct. 615, 65 L. Ed. 1131, declared that thereunder the estate tax "becomes due, not at the time of the decedent's death, as suggested by counsel for the government, but one year thereafter, as the statute plainly provides," and held that the tax "accrued" when it became due. In United States v. Mitchell, 271 U. S. 9, 10, 46 S.

Ct. 418, 70 L. Ed. 799, the court, dealing with the same statute, said without qualification that "the federal estate tax accrued one year after her [the decedent's] death." These decisions engrafted no novel thought upon the long-recognized meaning of the word "accrued." Under the Inheritance Tax Act of 1864 (13 Stat. 285) the Supreme Court had held that the tax did not "accrue" until it became payable—until it could be demanded. Clapp v. Mason, 94 U. S. 589, 24 L. Ed. 212; Mason v. Sargent, 104 U. S. 689, 26 L. Ed. 894.

Congress, in the passage of the act of 1921, was aware of and recognized this meaning of the term, for in section 214 (a) (3), 42 Stat. 240, it declared: "For the purpose of this paragraph estate, inheritance, legacy, and succession taxes accrue on the due date thereof except as otherwise provided by the law of the jurisdiction imposing such taxes. * * *" Comp. St. § 6336½g (a) (3). It is true that, in Page v. Skinner, 298 F. 731, 735 (C. C. A. 8), the word "accrued" was more broadly defined; yet as no authority was cited to support that finding, as no reference was made to the Supreme Court cases, and as the meaning there given to that term is directly opposed to the meaning assigned to it by the Supreme Court, I think this decision should not be here followed. As no estate tax had "accrued" against the Baxter estate under the Revenue Act of 1918 at the time the estate tax provisions of that act ceased to be in effect, the first sentence of the saving clause of the Revenue Act of 1921 is of no relevancy here.

Nor does the second sentence of the saving clause found in section 1400 (b) have any pertinency to estate taxes. The provisions of the Revenue Act of 1921, imposing an estate tax in lieu of the estate tax imposed by the Revenue Act of 1918, went into effect upon the passage of the later act, and consequently estate taxes constitute no part of the subject-matter of the second sentence. As some parts of the act of 1921 did not become operative until a substantial time after its passage, as, for example, sections 500 and 602 (Comp. St. §§ 6309⅓a, 6161½d), the intent and purpose of the second sentence of the saving clause, 1400 (b), of the later act, was solely to extend in such cases the operation of the earlier act to the effective date of the later. It is, of course, patent that the remaining sentence of the saving clause is without application to the question here.

As by the express language of section 1400 (a) of the Revenue Act of 1921 (Comp. St. § 6371⅘m (a) the estate tax provisions

of the Revenue Act of 1918 were repealed, subject only to the limitations provided in the saving clauses in subdivision (b), and as none of these clauses meet, embrace, affect, or pertain to the conditions existing with respect to the Baxter estate, it follows inevitably, I think, that the saving clauses of the act of 1921 left the estate tax provisions of the act of 1918 as completely obliterated and extinguished, so far as the Baxter estate is concerned, as if the repeal had been absolute and unqualified.

The contentions made by the defendant to forestall this conclusion were that the repealing act did not destroy the liability for the tax under the earlier act; that the tax for which the liability existed could be assessed and collected under the general administrative provisions of law made a part of the Revenue Act of 1918 by section 1305 thereof (26 USCA §§ 1244, 1254; Comp. St. § 6371½c), which section was not repealed by the later act; and that, even in the absence of administrative provisions for its collection, the payment having been made under an existing liability for the tax, there is no implied promise on the part of the defendant to return the sum so paid.

The fallacy, as I see it, underlying all these contentions, is the assumption of an existing liability after the repeal of the Revenue Act of 1918. The cases of Hertz v. Woodman, 218 U. S. 205, 30 S. Ct. 621, 54 L. Ed. 1001, and Woerishoffer v. United States, 269 U. S. 102, 46 S. Ct. 33, 70 L. Ed. 180, relied upon by the defendant to establish an existing liability, dealt with other statutes, wherein the saving clause was couched in different language from that of the Revenue Act of 1921. There the questions for solution turned upon whether the tax in question had been "imposed" prior to the effective date of the repealing act—not whether the tax had then "accrued." Consequently these cases do not, I think, establish an existing liability here.

■ Section 13 of the Revised Statutes is also relied upon to show that the liability for the tax was not destroyed by the repeal of the statute. This section provides:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. * * *" 1 USCA § 29.

Of this statute the court, in Great Northern Railroad Co. v. United States, 208 U. S. 452, 28 S. Ct. 313, 52 L. Ed. 567, said: As it "has only the force of a statute, its provisions cannot justify a disregard of the will of Congress as manifested, either expressly or by necessary implication, in a subsequent enactment." As the estate tax provisions of the Revenue Act of 1918 were expressly repealed, with specified exceptions, it must be assumed that the exceptions specified constituted a denial of others. To enlarge the exceptions by adding the provisions of section 13 of the Revised Statutes thereto, or, more accurately stated, to add to the saving clause of the repealing statute the provisions of R. S. § 13, which, as I understand it, is in implied, if not direct, conflict with the first sentence of the saving clause of the repealing act, would, I think, be a plain disregard of the will of Congress as manifested in the repealing act. Fletcher v. Peck, 6 Cranch, 125, 3 L. Ed. 162.

■ A casus omissus is not to be supplied by the courts. "Where the language of the act is not clear, and is of doubtful construction, a court may well look at every part of the statute, at its title, and the mischief intended to be remedied in carrying it into effect. But it is not for the court to say, where the language of the statute is clear, that it shall be so construed as to embrace cases, because no good reason can be assigned why they were excluded from its provisions." Scott v. Reid, 10 Pet. 524, 527 (9 L. Ed. 519).

There having been no estate tax for which the Baxter estate was liable, it cannot, of course, be successfully asserted that the payment to the defendant constituted a tax correctly paid.

The demurrer must be overruled.