### EWBANK et al. v. UNITED STATES.

District Court, S. D. Indiana, Indianapolis Division. December 28, 1929.

No. 8983.

Whitcomb, Ewbank & Dowden and M. M. Dunbar, all of Indianapolis, Ind., for plaintiff.

George R. Jeffrey, U. S. Dist. Atty., of Indianapolis, Ind.

BALTZELL, District Judge. The complaint in this action alleges substantially that Volney T. Malott departed this life, testate, on the 14th day of June, 1921; that Louis B. Ewbank, Thomas H. Kaylor and John Malott Fletcher were named in the will of said decedent as trustees, and have so qualified and are acting as such at this time; that during the years 1922 and 1923 such trustees paid from the assets of said estate to the United States of America the total sum of $526,869.22, which amount was claimed by the defendant in this action to be due as an estate tax under the provisions of the Revenue Act of 1918, approved February 24, 1919 (40 Stat. 1057); that at the time of the decedent's death the Revenue Act of 1918 was in effect; that such taxes were imposed at the time of decedent's death, but that they were not due and payable until the expiration of one year from that date; that because of the fact that such taxes were not due and payable on the date of the taking effect of the Revenue Act of 1921, to wit, November 23, 1921, no liability attached to decedent's estate for such taxes, the complaint alleging that such taxes had not yet accrued. This action is brought for the purpose of recovering from the defendant the amount of taxes thus paid, together with interest thereon from the date of such payments.

To this complaint, the defendant has filed a demurrer, alleging that the complaint does not state facts sufficient to constitute a cause of action.

Under the Revenue Act of 1918, which was in force at the time of the decedent's death, there is no question but that such estate was subject to the estate tax, as levied and collected by the defendant. This act was repealed by the act of 1921 (42 Stat. 227), which became effective on the 23d day of November of that year, less than one year after decedent's death. The estate taxes, under the act of 1918, were due and payable one year from the date of decedent's death. There was, however, contained in the later act a saving clause, which is designated as section 1400(b) of such act, which provides as follows:

"The parts of the Revenue Act of 1918 which are repealed by this act shall (unless

otherwise specifically provided in this act) remain in force for the assessment and collection of all taxes which have accrued under the Revenue Act of 1918 at the time such parts cease to be in effect, and for the imposition and collection of all penalties or forfeitures which have accrued or may accrue in relation to any such taxes. In the case of any tax imposed by any part of the Revenue Act of 1918 repealed by this act, if there is a tax imposed by this act in lieu thereof, the provision imposing such tax shall remain in force until the corresponding tax under this act takes effect under the provisions of this act. * * *" 42 Stat. 320, 321.

The construction placed upon the provisions of this saving clause will determine the sole question presented upon the demurrer in this case. If, as contended by the plaintiffs, the above saving clause is to be construed so as to relieve all persons from the payment of any estate taxes, who died within one year immediately preceding the 23d day of November, 1921, the date of the approval of the Revenue Act of 1921, then the demurrer must be overruled and the complaint held to state a cause of action.

The saving clause in the act of 1921 applies to "all taxes which have *accrued* under the Revenue Act of 1918," and it is the contention of the plaintiffs that the word "accrued," as used in that clause, means that such taxes must have been *due and payable* at the time of the taking effect of the act of 1921, that is, on November 23d of that year. Since the taxes paid by plaintiffs were not *due and payable* until the expiration of one year from the date of the decedent's death, and the taking effect of the act of 1921 was within that year, the plaintiffs contend that the saving clause in the act of 1921 does not apply, and that no estate taxes should have been paid, such estate taxes not being *due and payable* at the time of the taking effect of such act. This court is called upon to define the meaning of the word "accrued," as used in the saving clause.

Plaintiffs contend that the meaning of the word "accrued," as used in such saving clause, must be "due and payable," and cite United States v. Woodward et al., 256 U. S. 632, 41 S. Ct. 615, 65 L. Ed. 1131, and United States v. Mitchell et al., 271 U. S. 9, 46 S. Ct. 418, 70 L. Ed. 799, in support thereof. It will be observed, in the consideration of these cases, that the question determined by the court was whether or not the estate taxes paid were allowable as deductions from income tax returns, under the acts of 1916 and 1918 (39 Stat. 756, and 40 Stat. 1057).

The question to be here determined is not how the word "accrued" may have been used in some sections of the acts of 1916 and 1918, but how such word was used in the section of the act of 1921, which is to be construed in this action. In some sections of the Revenue Act, Congress has specifically defined the meaning of the word "accrued," as being the due date, as applied to the particular section or paragraph in question, thereby recognizing the fact to be that such word does not always mean the due date. Section 214(a)(3), 42 Stat. 239. The fact that the word "accrued" is not defined by Congress in section 1400(b) of the Revenue Act of 1921 leads to the inevitable conclusion that it must be defined so as to give effect to the intent of Congress when such section was enacted. It cannot be seriously contended that Congress, by the enactment of the later law, intended to relieve the estates of all persons dying within a single year, that is, within one year immediately preceding the 23d day of November, 1921, from the payment of any estate taxes, while the estates of all persons dying prior to said one-year period and immediately following said one-year period are subject to the payment of such taxes.

The provisions contained in section 1400 (b) of the act of 1918 are similar to those contained in the corresponding section of the act of 1921. Section 1400(a) of the act of 1918 provides for the repeal of the estate tax of 1916, and section 1400(b) of such act (40 Stat. 1150) provides that "such parts of acts shall remain in force for the assessment and collection of all taxes which have *accrued* thereunder, and for the imposition and collection of all penalties or forfeitures which have accrued and may accrue in relation to any such taxes. * * *" It is apparent that the word "accrued" has the same meaning and is used in the same sense in such section of the act of 1918 as that word is used in the corresponding section of the act of 1921. The Circuit Court of Appeals (8th) in the case of Page v. Skinner, 298 F. 731, 735, in construing this section of the act of 1918, said:

"Neither are we in doubt as to the meaning of the word 'accrued,' found in subparagraph (b); as contended by counsel amici curiæ, who appear for another estate in like conditions, that it is equivalent to *arising under* and refers to all taxes, including estate taxes, arising under the prior acts, and is not a restriction to those that were due and payable prior to February 25th."

See, also, Flannery v. Willcuts, Collector (C. C. A.) 25 F.(2d) 951.

The estate taxes in question in this case were imposed upon and a lien therefor attached to the gross estate of decedent from the time of his death. Hertz, Collector, v. Woodman, 218 U. S. 205, 30 S. Ct. 621, 54 L. Ed. 1001; Page v. Skinner, supra; United States v. Ayer et al. (C. C. A.) 12 F. (2d) 194.

In Westhus et al. v. Union Trust Co. of St. Louis (C. C. A.) 164 F. 795, 798, the court said:

"We think that when there came into existence the conditions upon which the statute operated the tax was at once imposed, and the estate of the decedent became subject to a lien therefor. Then is when the right to the tax accrued or came into existence, though the tax may not have been at once demandable as due. * * * To impose a tax means to levy it, and we all know that it is not the general custom to make a tax due and enforceable the very day it is imposed or levied. The levy of taxes by state boards and those of governmental subdivisions of the state are generally long in advance of the day they become due, when, if not paid, proceedings for enforcement may be begun."

See, also, Hertz, Collector, v. Woodman, supra.

The Court of Claims of the United States, in a recent opinion, in the case of Howard M. Hanna, as Executor of the Last Will and Testament of H. Melville Hanna, Deceased, v. United States, held the estate tax in question in that case—the testator having died within one year prior to the taking effect of the act of 1921—"had accrued when the 1921 act went into effect."

It is apparent, without further discussion, that the taxes in question in this case had accrued, as that word is used in section 1400(b) of the Revenue Act of 1921, at the time such act became effective. That being true, the complaint fails to state a cause of action, and the demurrer must be and is sustained.