## ALKER et al. v. UNITED STATES. *
### No. 114.

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1931.

* Certiorari denied 51 S. Ct. 489, 75 L. Ed. —.

Karl Knox Gartner, of Washington, D. C. (William J. Canary, of New York City, of counsel), for appellants.

Howard W. Ameli, of Brooklyn, N. Y. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and T. H. Lewis, Jr., and E. J. Dowd, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., of counsel), for the United States.

Frank S. Bright and Lowndes C. Connally, both of Washington, D. C., amici curiæ.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This case presents a point which has been already ruled a number of times, always against the taxpayer, with one exception. Wilmington Trust Co. v. U. S., 28 F.(2d) 205 (D. C. Md.). The plaintiffs' position is that the repeal by section 1400 of the Revenue Act of 1921 (42 Stat. 320) of title 4 of the Revenue Act of 1918 (40 Stat. 1096) did not preserve taxes upon the estates of those who died within a year of the date when the Act of 1921 took effect. This is because the tax was not due for a year and did not therefore "accrue" until after the repeal, which saved only "accrued" taxes.

The argument presupposes that the word "accrued" has a far more rigid content than we can gather from the decisions of the Supreme Court on which the appellants rely, and the consequences of the construction they invoke are so extravagant that it seems to us impossible to ascribe any such purpose to Congress, in the absence of the plainest necessity. We of course recognize that a taxing statute must carry its own warrant on its face in the clearest terms (Crooks v. Harrelson [Nov. 24, 1930] 51 S. Ct. 49), and there would be no escape here, if the language were immutable, whatever the context. We are satisfied that this is not true, and, in view of the consensus of authority in the lower courts upon the point, it seems to us unnecessary to analyze the decisions of the Supreme Court, or give our reasons for thinking that they do not require any such conclusion. We affirm the judgment on the authority of Hanna v. U. S., 68 Ct. Cl. 45; Flannery v. Willcuts, 25 F.(2d) 951 (C. C. A. 8); Hodgkins v. Com'r of Int. Rev., 44 F.(2d) 43 (C. C. A. 7); Ewbank v. U. S. (D. C.) 37 F.(2d) 383; and O'Brien v. Sturgess, 39 F.(2d) 950 (D. C. N. J.). Substantially the same ruling is to be found in Page v. Skinner, 298 F. 731 (C. C. A. 8), and Mulvane v. U. S., 61 Ct. Cl. 165.

Judgment affirmed.