## EWBANK et al. v. UNITED STATES.
### No. 4485.

Circuit Court of Appeals, Seventh Circuit.
June 3, 1931.

Rehearing Denied July 8, 1931.

Louis B. Ewbank, Samuel Dowden, and Merlin M. Dunbar, all of Indianapolis, Ind., for appellants.

George E. Q. Johnson, of Chicago, Ill., and George R. Jeffrey, U. S. Dist. Atty., of Indianapolis, Ind., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellants feel aggrieved by reason of the judgment entered in the District Court, 37 F.(2d) 383, dismissing the complaint by them filed wherein they sought to recover $526,869.22 previously paid under protest as a federal transfer tax upon the estate of Volney T. Malott, who died June 14, 1921. Appellants, as trustees named in the will of said deceased Malott, based their right to recover upon a construction which they give to the word "accrued" as it appears in the Revenue Act of 1921, § 1400 (42 Stat. 320), which reads as follows:

"(a) That the following parts of the Revenue Act of 1918 are repealed, to take effect (except as otherwise provided in this Act) on January 1, 1922, subject to the limitations provided in subdivision (b): * * *

"(b) The parts of the Revenue Act of 1918 which are repealed by this Act shall (unless otherwise specifically provided in this Act) remain in force for the assessment and collection of all taxes which have accrued under the Revenue Act of 1918 at the time such parts cease to be in effect, and for the imposition and collection of all penalties or forfeitures which have *accrued* or may *accrue* in relation to any such taxes. In the case of any tax imposed by any part of the Revenue Act of 1918 repealed by this Act, if there is a tax imposed by this Act in lieu thereof, the provision imposing such tax shall remain in force until the corresponding tax under this Act takes effect under the provisions of this Act. * * * *"

At the time of Malott's death, the Revenue Act of 1918 was in effect. The Revenue Act of 1921 repealed the Revenue Act of 1918, except as set forth in subdivision (b) and except for 1 USCA § 29, which reads as follows: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

Section 406 of the Revenue Act of 1918 (40. Stat. 1099) provides: "That the tax shall be due one year after the decedent's death; * * * *"

Appellants argued that the tax did not become due under section 406 until one year after the decedent's death; therefore it had not accrued when the 1921 Act was passed; that inasmuch as the exception to the section which repealed the 1918 Act applied to taxes, which had "accrued" under the 1918 Act at that time, it could not apply to a tax which, but for the repeal, would have become due and payable on the Malott estate.

The same question was presented to this court and decided adversely to appellants in Hodgkins et al., Executors, v. Commissioner, 44 F.(2d) 43. We are now asked to reconsider the decision in that case because the argument now advanced was not fully considered in disposing of that case.

Our attention has been called to many decisions, some earlier and some later than the Hodgkins Case, which have met the same issue squarely. In each case a conclusion contrary to the views of the appellants was reached. Alker v. U. S., 38 F.(2d) 879 (D. C.), affirmed 47 F.(2d) 229 (C. C. A. 2); O'Brien et al. v. Sturgess (D. C.) 39 F.(2d) 950, affirmed January 8, 1931 by Circuit Court of Appeals, 45 F.(2d) 1017; Flannery v. Willcuts, 25 F.(2d) 951 (C. C. A. 8); Schoenheit v. Lucas, 44 F.(2d) 476 (C. C. A. 4); U. S. v. Ayer, 12 F.(2d) 194 (C. C. A. 1); Page v. Skinner (D. C.) 293 F. 468, affirmed 298 F. 731 (C. C. A. 8); H. M. Hanna et al. v. U. S., 68 Ct. Cl. 45. A carefully prepared opinion was filed in this case by Judge Baltzell, which but for space would be here set forth.

Notwithstanding the persuasive argument of counsel for appellants, we are convinced that the construction given to the statute by the various courts that have considered it is correct.

The judgment is affirmed.