**BURROWS et al. v. UNITED STATES.**

No. K–8.

Court of Claims.

March 7, 1932.

This case having been heard by the Court of Claims, the court, upon the stipulation and the exhibits attached thereto, makes the following special findings of fact:

I. George L. Burrows died testate on November 9, 1921.

II. George L. Burrows, Jr., and John W. Beaumont, plaintiffs herein, were named executors of the estate of George L. Burrows, deceased, by his last will and testament, and letters testamentary were duly issued to said plaintiffs by the probate court of Saginaw county, Mich., on January 3, 1922. The plaintiffs have been at all times since their appointment, and now are, the duly qualified and acting executors of said estate.

III. On or about November 1, 1922, plaintiff filed an estate tax return with the collector of internal revenue for the first district of Michigan. This return disclosed the net value of the decedent's estate to be $3,-013,988.64, upon which a tax of $303,738.-18 was claimed by the United States of America to be due under the Revenue Act of 1918 (40 Stat. 1057), and this sum was paid at the time of the filing of said return.

IV. Thereafter, upon review by the Commissioner of Internal Revenue, the value of decedent's net estate was determined to be the sum of $4,896,254.84, upon which increase an additional estate tax was levied under the Revenue Act of 1918 amounting to $319,087.69.

V. On or about July 20, 1923, the plaintiffs herein paid this additional sum under protest and duress, which protest is now on file with the Treasury Department. The total sum assessed upon the estate of George L. Burrows, deceased, as an estate tax, was $622,825.87 which sum was covered into the Treasury of the United States.

VI. Thereafter, on or about December 14, 1923, a claim for the refund of $203,158.-91 of the additional estate tax paid under protest July 20, 1923, was filed with the Commissioner of Internal Revenue based upon alleged errors made in increasing the value of decedent's net estate as aforesaid, and thereafter, on January 9, 1925, a suit was commenced in the United States District Court for the Eastern District of Michigan against Fred L. Woodworth individually, and as collector of internal revenue for the first district of Michigan for the recovery of the said sum of $203,158.91 and interest. This suit was tried, and on March 5, 1926, a judgment was entered in favor of the plaintiffs herein for the principal sum of $183,-929, together with interest thereon in the sum of $28,968.96.

VII. On October 28, 1926, the plaintiffs herein filed with the collector of internal revenue for the first district of Michigan a claim for refund based upon the following contentions:

(1) The decedent died November 9, 1921, and his estate was not subject to any Federal estate tax.

(2) The Federal estate tax (Title IV of the Revenue Act of 1918) was repealed by section 1400 of the Revenue Act of 1921 (42 Stat. 320), which became effective November 23, 1921, and no federal estate tax had become due or accrued against the estate of such decedent prior to such repeal.

(3) The estates of persons dying between November 23, 1920, and November 23, 1921, including the estate of said decedent, were not subject to any federal estate tax.

(4) Federal estate taxes under the Revenue Act of 1918 did not become due or accrue until one year after the decedent's death, and no such tax had accrued on November 23, 1921, on the estate of George L. Burrows, deceased.

(5) There is no authority for taxing estates of persons dying between November 23, 1920, and November 23, 1921, and no tax became due or accrued under the Revenue Act of 1918 until one year after decedent's death, and prior to such accrual, and on November 23, 1921, the Revenue Act of 1921 became effective, which act repealed the estate tax of the Revenue Act of 1918 (Title IV), and there was no provision in the Revenue Act of 1921 saving the tax under the Revenue Act of 1918.

Laurence A. Masselink, of Detroit, Mich. (Beaumont, Smith & Harris, of Detroit, Mich., on the brief), for plaintiff.

Fred K. Dyar, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

WHALEY, Judge.

Briefly, the plaintiff's contention is that the enactment of the Revenue Act of 1921 (42 Stat. 227) repealed the Revenue Act of 1918 (40 Stat. 1057), and that therefore any estate tax assessed on an estate of a decedent who had died within one year prior to the enactment of the 1921 act, so that the tax had not been definitely accrued or assessed until after the enactment of the 1921 act, was relieved from all tax burdens by the phraseology of the later statute.

The precise point raised by the plaintiff in this case has been considered by this court and determined adversely to the taxpayer's contention in the very able and exhaustive opinion by Judge Green in the case of Han-

na v. United States, 68 Ct. Cl. 45, certiorari denied, 280 U. S. 612, 50 S. Ct. 161, 74 L. Ed. 654. The Circuit Court of Appeals for the Second Circuit, affirming the District Court for the Eastern District of New York [38 F.(2d) 879] in Alker et al. v. United States, 47 F.(2d) 229, certiorari denied 283 U. S. 842, 51 S. Ct. 489, 75 L. Ed. 1452, followed the reasoning of this court in the Hanna Case, supra, and reached the same conclusion, denying the plaintiff recovery. The Circuit Court of Appeals for the First, Second, Fourth, Seventh, and Eighth Circuits are all in accord. United States v. Ayer, 12 F.(2d) 194 (C. C. A. 1st); Schoenheit et al. v. Lucas, 44 F.(2d) 476, 490 (C. C. A. 4th); Ewbank v. United States, 50 F.(2d) 409 (C. C. A. 7th) affirming District Court for the Southern District of Indiana, 37 F.(2d) 383, 385; Hodgkins v. Commissioner, 44 F.(2d) 43 (C. C. A. 7th); Flannery v. Willcuts, 25 F.(2d) 951 (C. C. A. 8th); Page v. Skinner, 298 F. 731 (C. C. A. 8th). The Board of Tax Appeals has consistently held in accord with these decisions. Zeile v. Commissioner, 20 B. T. A. 1039; Guaranty Trust Co. of New York, Executor, v. Commissioner, 16 B. T. A. 314. The only decision supporting the plaintiff is that of the District Court of Delaware, Wilmington Trust Co. v. United States, 28 F.(2d) 205. The Wilmington Trust decision was analyzed and discussed by this court in the Hanna Case when it declined to follow the rule in that case. The District Court of New Jersey in the Third Circuit has likewise refused to recognize the authority of the Wilmington Trust Case, and has followed the principles enunciated by this court in the Hanna Case. O'Brien et al. v. Sturgess, 39 F.(2d) 950.

The petition should be dismissed. It is so ordered.