**TERRITORY OF ALASKA, Plaintiff,**
v.
**AMERICAN CAN COMPANY,**
Defendant.
Fidalgo Island Packing Company,
Defendant.
Libby, McNeill & Libby, Inc.,
Defendant.
Nakat Packing Company, Defendant.
New England Fish Co., Defendant.
P. E. Harris Company, Inc.,
Defendant.
Pacific & Arctic Railway & Navigation
Co., Defendant.
Oceanic Fisheries Co., Defendant.
Nos. 7278–A to 7281–A, 7300–A to 7303–A.

District Court, Alaska
First Division, Juneau.
Jan. 4, 1956.

Henry J. Camarot, Asst. Atty. Gen., Territory of Alaska, for plaintiff.

W. C. Arnold, Seattle, Wash., H. L. Faulkner, R. E. Robertson, Juneau, Alaska, for defendants.

HODGE, District Judge.

In 1949 the Alaska Territorial Legislature enacted the first general property tax act of the Territory, being Chapter 10, S.L.A.1949, known as the "Alaska Property Tax Act." Such act provided for the levy, assessment, and collection of a tax upon all real and personal property in the Territory (except property specifically exempted) at the rate of 1% of the value thereof. It provided that the tax within the limits of incorporated cities, school districts and public utility districts, shall be assessed and collected in the manner prescribed by the property tax law of the municipality or district; and set up specific provisions for the assessment, levy, and collection of the tax outside of such cities and taxing districts. The tax collected within such cities, school districts and public utility districts was to be retained by them; and the tax collected outside of the same was payable into the Treasury of the Territory. This act was repealed by Chapter 22, S.L.A.1953, hereinafter referred to as the "repealing act." Section 2 of this act contained the following express saving clause:

"Section 1 of this Act shall not be applicable to

"(a) any taxes which have been levied and assessed by any municipality, school or public utility district under the provisions of Chapter 10, Session Laws of Alaska 1949, as amended, or which are levied and assessed during the current fiscal year of such municipality, school or public utility district".

In April, 1955, the Territory filed the above-entitled actions seeking to recover judgment against the several defendants named for taxes accrued under the provisions of Chapter 10 for the years 1949–1952 inclusive, which the defendants had refused to pay. The defendant in each case filed a motion to dismiss plaintiff's complaint on the grounds that the complaint does not state a claim upon which relief can be granted and that the action was not brought within the time limited by law. Hearing was had before the Court on such motions and the matter submitted on briefs.

At the conclusion of the oral argument the Court held that no personal action would lie against the defendants for recovery of the taxes involved and that the plaintiff had not sought the proper remedy for foreclosure of the lien of the tax in the manner provided by law; but that to avoid a multiplicity of actions, the matter would be determined on its merits, as to whether or not the Territory has any right for collection of such taxes in view of the repeal,—that

is, whether the taxes sought to be collected survive the repeal and if such taxes did survive, whether there is a remedy available for their collection.

█ The Territory, in its brief, again raises this question of procedure, claiming a personal liability of the defendants for such taxes. This issue has been squarely determined against the plaintiff by the District Court for this Division in the case of City of Yakutat v. Libby, McNeill & Libby, 98 F.Supp. 1011, 13 Alaska 378. Such action involved the question of remedy as to taxes levied by municipalities in which the Court held that the remedy sought of a personal action against the taxpayer is not available since the remedy prescribed by statute is exclusive. In the same manner Chapter 10 provided an exclusive method of levy and collection of the general property tax. This question, therefore, will not be further considered.

Plaintiff relies in support of its position that the accrued and unpaid taxes were not cancelled or repealed by the repealing act upon the "general saving clause" of the Territory, being Sec. 19–1–1, A.C.L.A.1949, which statute provides as follows:

"The repeal or amendment of any statute shall not affect any offense committed or any act done or right accruing or accrued or any action or proceeding had or commenced prior to such repeal or amendment; nor shall any penalty, forfeiture or liability incurred under such statute be released or extinguished, but the same may be enforced, continued, sustained, prosecuted and punished under the repealing or amendatory statute * * *."

The defendants' position is that this Alaska general saving act, being in conflict with the special savings clause of the repealing act, has no application and saved only the taxes levied by municipalities, school or public utility districts.

█ It is a fundamental rule of statutory construction that a general saving clause or statute preserves rights and liabilities which have accrued under the act repealed and that they operate to make applicable in designated situations the law as it existed before the repeal, *unless such application is negatived by the express terms or clear implication of a particular repealing act,* or where not otherwise provided by the repealing act. And, where there are express savings clauses in repealing statutes which are later in time, constituting the express will of the Legislature, such have been taken as an indication of legislative intent to save nothing else from the repeal, and the general saving statute in force in the state does not apply. 82 C.J.S., Statutes, § 440, p. 1014; 50 Am. Jur., Statutes, 534–5, Secs. 527–528; Great Northern Ry. Co. v. United States, 208 U.S. 452, 28 S.Ct. 313, 52 L.Ed. 567; Wilmington Trust Co. v. United States, D.C., 28 F.2d 205; United States v. Chicago, St. P., M. & O. Ry. Co., D.C., 151 F. 84; United States v. Standard Oil Co., D.C., 148 F. 719.

█ In the Wilmington Trust Co. case [28 F.2d 207] the District Court of Delaware held that repeal of parts of the Revenue Act of 1918, 40 Stat. 1057, by the Revenue Act of 1921, 42 Stat. 227, which provided that the parts repealed shall remain in force as to "the assessment and collection of all taxes which have accrued" under the previous act, left all of the estate tax provisions of the former statute except those expressly saved by the act "as completely obliterated and extinguished * * * as if the repeal had been absolute and unqualified", since the saving clause kept alive the repealed parts of the earlier act for collection of only those taxes "accrued" under the earlier act, and saves to the government only such previously accrued taxes. In this case the general Federal savings clause, R.S. § 13, 1 U.S.C.A. § 29, was relied upon to show that the liability of the tax was not destroyed by the repeal of the statute. Upon this point the opinion states:

"Of this statute the court, in Great Northern Railroad Co. v. United States, 208 U.S. 452, 28 S.

Ct. 313, 52 L.Ed. 567, said: As it 'has only the force of a statute, its provisions cannot justify a disregard of the will of Congress as manifested, either expressly or by necessary implication, in a subsequent enactment.' As the estate tax provisions of the Revenue Act of 1918 were expressly repealed, with specified exceptions, it must be assumed that the exceptions specified constituted a denial of others. To enlarge the exceptions by adding the provisions of section 13 of the Revised Statutes thereto, or, more accurately stated, to add to the saving clause of the repealing statute the provisions of R.S. § 13, which, as I understand it, is in implied, if not direct, conflict with the first sentence of the saving clause of the repealing act, would, I think, be a plain disregard of the will of Congress as manifested in the repealing act."

By the same token, it follows that the provisions of the Alaska savings act cannot justify a disregard of the express will of the Legislature as manifested in the subsequent enactment.

Plaintiff contends that the soundness of the Court's reasoning in this case has been subsequently questioned in other decisions, citing New York Life Ins. Co. v. Bowers, D.C., 34 F.2d 60; Schoenheit v. Lucas, 4 Cir., 44 F.2d 476; Alker v. United States, D.C., 38 F.2d 879; Hanna v. United States, 68 Ct.Cl. 45; and Burrows v. United States, 56 F.2d 465, 74 Ct.Cl. 242. In these cases the decision in the Wilmington Trust Co. case is distinguished in application only as to the time that the tax involved was regarded as accrued, or was applied under differing circumstances; but we cannot find that the principle announced as above quoted is departed from in these decisions.

Plaintiff also relies upon the decision of the Circuit Court of Appeals for the 8th Circuit in the case of Great Northern Ry. Co. v. United States, 155 F. 945, 948, affirmed by the Supreme Court, 208 U.S. 452, 28 S.Ct. 313, 52 L.Ed. 567, which does not relate to a saving clause in a repealing statute but rather to an amending statute re-enacting the former statute with changes. The defendant contended that the effect of the amending act was to repeal it, and hence he could not be prosecuted under the former act. The Court held against such contention, stating that

"Where a statute is amended 'so as to read as follows,' or is re-enacted with changes, or is in terms repealed and simultaneously re-enacted with changes, the amendatory or re-enacting act becomes a substitute for the original, which then ceases to have the force and effect of an independent enactment    *    *    *."

and that "in these circumstances" the special saving clause in the amending statute would not by implication extinguish liabilities accrued under the previous act, and not expressly saved by the act. In affirming this decision, the opinion of the Supreme Court states, 208 U.S. at page 464, 28 S.Ct. at page 316: "We concede for the sake of argument only, that the effect of the amendment and re-enactment of the Elkins act by § 2 of the Hepburn law [49 U.S.C.A. § 41] was to repeal the Elkins act", the Court would then proceed to determine what effect such repeal would have in the light of the general saving clause; and expressly held as quoted in the Wilmington Trust Co. case above. 208 U.S. at page 465, 28 S.Ct. 313.

■■  There is another fundamental rule of statutory construction which must be considered in this connection, and that is the rule of "expressio unius est exclusio alterius"—the mention of one is the exclusion of others,—which requires a holding that the Legislature intended to save the taxes specifically mentioned in the repealing act and to exclude all others. Sutherland on Statutory Construction, 3rd Ed. Vol. 2, p. 412, Sec. 4915; p. 416, Sec. 4916; Jones v. H. D. & J. K. Crosswell, Inc., 4 Cir., 60 F.2d 827; Rybolt v. Jarrett, 4 Cir.,

112 F.2d 642; Territory ex rel. Sulzer v. Canvassing Board, 5 Alaska 602, at page 622.

A decision of the Supreme Court of Kansas in the case of State v. Showers, 34 Kan. 269, 8 P. 474, 476, is especially in point, as it relates to a state saving clause as distinguished from the Federal saving clause. In that case the Court was considering the effect of a general savings statute identical with the Alaska statute, as against a later specific savings proviso contained in a repealing act. The opinion of the Court states as follows:

> "The question as to what should be repealed and what saved was before the legislature. They had the entire subject-matter thereof under consideration, and evidently intended to cover the entire ground; and evidently intended that nothing should be repealed except what they expressly repealed, and that nothing should be saved except what they expressly stated should be saved. They expressly saved some things; therefore it must be inferred that they intended to save no others. *Expressio unius est exclusio alterius.*"

The opinion also points out that if the special saving clause in the repealing act was not intended to cover the entire ground and to substitute for the general savings statute, then it "has no office to perform," for the general saving clause would save all that it saves and very much more. In the same manner, if we adopted the view of the plaintiff, the savings clause of Sec. 2 of the 1953 Act would have no office to perform and would be meaningless.

Plaintiff also argues that Section 2 of the repealing act was not intended to be a savings clause, but was intended to "afford" or "allow" municipalities, school and public utility districts additional revenues by allowing them to still levy and assess taxes previously accrued and to accrue during the fiscal year. This logic may be likened to arguing that a revenue act does not create a revenue tax but is levied only for the purpose of collecting revenue; and is wholly unsound. Further, plaintiff contends that there was no intent to cancel all accrued taxes, other than those expressly saved. We cannot so disregard the obvious intent of the Legislature. Plaintiff also argues that the provisions of Section 2 and of the general savings clause are not in conflict and are to be considered "in pari materia"; and that revenue laws should not be considered repealed "by implication." However, there is an irreconcilable conflict between the two statutes, and there appears no repeal by implication, but rather by express enactment.

Plaintiff also directs our attention to the fundamental rule that the intent of the Legislature should govern, which, of course, is true; and suggests that resort should be had to the history of the passage of the act through the Legislature to determine such intent. Exhibits offered by the plaintiff include another bill introduced in the Legislature, which was rejected at the hearing and cannot be considered, as it is not a part of the legislative history of the act in question. However, the Court may take judicial notice of the history of the passage of this particular act to determine the meaning of terms and expressions if they are in any way ambiguous. The repealing act as passed was House Bill No. 3. Reference to the House Journal discloses that the bill as originally introduced on January 27th was entitled

> "An Act to repeal Chapter 10, SLA 1949 as amended by Chapter 88 SLA 1949, and abrogating and repealing all accrued and unpaid taxes levied thereunder, and declaring an emergency." (H.J. p. 45.)

which, it is noted, specifically provided for cancelling and repealing all accrued and unpaid taxes. The Committee on Judiciary recommended that the bill pass with the following amendment: That the title be changed to read:

> "An Act to repeal the Alaska Property Tax Act enacted by Chap-

ter 10, SLA 1949, as amended by Chapter 88, SLA 1949, and declaring an emergency." (H.J. p. 103.)

As thus amended the act would have saved all accrued taxes under the general saving clause. Thereafter other amendments were proposed but failed of passage and on February 11 the bill passed the House and was sent to the Senate (H.J. p. 219). The Senate amended the act by adding thereto Section 2 as it appears above (S.J. p. 244), which expressly saved only the taxes levied and assessed by a municipality, school or public utility district. In this form the bill passed the Senate and was sent back to the House (S.J. p. 441). The House concurred in the Senate amendment (H.J. p. 517) in which form the bill passed both Houses. Hence it is clear that the final decision of the Legislature was neither to abrogate all accrued and unpaid taxes levied under the act nor to save them, but to save only those taxes levied and assessed by municipalities, school and public utility districts. Such intent is further borne out from the title of the repealing act as finally passed, which reads as follows:

"To repeal the Alaska Property Tax Act enacted by Chapter 10, Session Laws of Alaska, 1949, as amended by Chapter 88, Session Laws of Alaska, 1949; *excepting from repeal certain taxes and tax exemptions;* and declaring an emergency." (Emphasis added.)

When the Legislature of the Territory has spoken in clear language and when by so doing appears to have declared a positive policy with accurate precision, the courts may not be called upon to distort the language of the Legislature, however undesirable such may appear to the taxing authorities of the Territory, or however unjust such result may be as to those taxpayers who had paid the property tax without protest.

The general property tax throughout the Territory not being saved, the Territory is also without remedy to collect and enforce such accrued taxes. 50 Am.Jur. 535, Sec. 529; Sutherland on Statutory Construction, 3rd Ed. Sec. 2050, Vol. 1, p. 537; Vance v. Rankin, 194 Ill. 625, 62 N.E. 807; Schmuck v. Hartman, 222 Pa. 190, 70 A. 1091.

I conclude, therefore, that under the provisions of Section 2 of the repealing act neither the tax nor the remedy survive the repeal.

In view of this decision, the question of the statute of limitations need not be considered.

Defendants' motion to dismiss is granted and judgment of dismissal for failure of the plaintiff to state a claim upon which relief can be granted may be entered.